UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

        v.

PROVIDENCE FINANCIAL
INVESTMENTS, INC., PROVIDENCE
FIXED INCOME FUND, LLC, JEFFORY
CHURCHFIELD, JACK JARRELL,
and ANTONIO BUZANELI,

        Defendants.
_____

Case No. 16-cv-1877 (SRNSER)

**FINAL JUDGMENT AS TO DEFENDANTS PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED INCOME FUND, LLC**

The Securities and Exchange Commission having filed a Complaint; Defendants Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC ("Defendants") having entered a general appearance; and Maria Yip, the Chapter 7 bankruptcy trustee ("Trustee") of Defendants in their pending bankruptcy cases,[1] having the authority to enter into this Final Judgment and Consent and bind the Defendants, having executed the Consent of the Defendants attached hereto and incorporated herein, in which Defendants consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as

---

[1] *In re Providence Financial Investments, Inc.*, Case No. 16-20516 (Bankr. S.D. Fla.) and *In re Providence Fixed Income Fund, LLC*, Case No. 16-20517 (Bankr. S.D. Fla.) (collectively, the "Providence Bankruptcy Cases").

otherwise provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds

the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants shall be liable, jointly and severally, for disgorgement of $49,511,186 and prejudgment interest thereon ("Disgorgement"). This Disgorgement obligation shall be deemed satisfied by the distribution of funds to allowed claims of defrauded investors, by the Chapter 7 trustee in the Providence Bankruptcy Cases, pursuant to bankruptcy court-approved final reports. In light of the Providence Bankruptcy Cases, the Securities and Exchange Commission has withdrawn its claim for civil monetary penalties.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  July 9, 2018

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
